## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **CANCER WELLNESS FOUNDATION OF CENTRAL ALABAMA, a 501(c)(3) non-profit corporation** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **CASE NO. 2:26-CV-00165** |
| **JENNIFER CONNER, individual and as former President of Cancer Wellness Foundation of Central Alabama; and DRESS FOR THE CURE, LLC;** | ) ) ) ) ) | **JURY DEMANDED** |
| **Defendants.** | ) ) | |

## <u>VERIFIED COMPLAINT</u>

## THE PARTIES

1. Plaintiff Cancer Wellness Foundation of Central Alabama ("CWF" or "the Foundation"), formerly known as the Montgomery Cancer Wellness Foundation, is a 501(c)(3) nonprofit corporation organized under the laws of the State of Alabama.

2. CWF's principal place of business is located at 4145 Carmichael Road, Montgomery, Alabama 36106.

3. CWF's mission is to provide supportive services, educational services, and assistance to cancer patients throughout Central Alabama, including those

1

patients who lack the resources necessary to otherwise receive comprehensive healthcare.

4.  This action arises from a dispute over the ownership of the "Women in Blue" trademarks, service marks, and associated copyrighted logo (collectively, the "Women in Blue Marks").

5.  The Women in Blue Marks were created in 2018–2019 as part of a CWF board committee's fundraising initiative.

6.  The original design of the Women in Blue dress logo was created by Betsey Johns at the request of the CWF Board of Directors.

7.  Defendant Jennifer Conner ("Conner"), while serving as a board member and later President of CWF, improperly sought to register these marks in her own individual name and through her personal company, Defendant Dress for the cure, LLC ("Dress for the cure").

8.  Conner pursued these registrations without board knowledge or approval and has now threatened to prevent CWF from using its own intellectual property.

9.  On or about February 2, 2026, the CWF Board of Directors demanded that Conner step down as President of the Board. Conner is no longer President of CWF as of that date.

## PARTIES

10. Plaintiff Cancer Wellness Foundation of Central Alabama is a 501(c)(3) nonprofit corporation organized and existing under the laws of the State of Alabama, with its principal place of business at 4145 Carmichael Road, Montgomery, Alabama 36106.

11. CWF was formerly known as the Montgomery Cancer Wellness Foundation.

12. Defendant Jennifer Conner is an individual who, upon information and belief, resides at 1943 Wyngate Loop, Montgomery, Alabama 36117.

13. At all times relevant to the events giving rise to this Complaint, Conner served as a member of the Board of Directors of CWF.

14. Conner subsequently became President of the Board of Directors of CWF.

15. On or about February 2, 2026, the CWF Board of Directors demanded that Conner step down as President. Conner is no longer President of CWF.

16. Defendant Dress for the cure, LLC is, upon information and belief, a limited liability company organized under the laws of the State of Alabama, owned and controlled by Defendant Conner who is a citizen of the State of Alabama.

17. Upon information and belief, Dress for the cure was formed by Conner for the purpose of, among other things, asserting personal ownership over the Women in Blue Marks and exploiting intellectual property that rightfully belongs to CWF.

## JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) because this action arises under the Lanham Act, 15 U.S.C. § 1051 et seq.

19. This Court also has jurisdiction under 28 U.S.C. § 2201 (Declaratory Judgment Act) and 17 U.S.C. § 101 et seq. (Copyright Act).

20. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367 because such claims arise from the same case or controversy as the federal claims and share a common nucleus of operative facts.

21. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.  In addition, all parties are located in this district and the Women in Blue fundraising campaign was developed and executed in this district.

# FACTUAL ALLEGATIONS

## A. The Creation of the Women in Blue Campaign

22. In or around late 2018, the CWF Board of Directors formed a committee to develop new fundraising initiatives for the Foundation. At this time, Conners was the President of the CWF Board.

23. As part of this committee's work, the concept for the "Women in Blue" campaign was developed as a collaborative effort to raise awareness and funds for cancer wellness services in Central Alabama.

24. The design of the Women in Blue dress logo was created by an individual named Betsey Johns at the request and direction of the CWF Board of Directors. Betsey Johns created four versions of the Women in Blue dress logo and presented those versions to the CWF for its selection.

25. Betsey Johns volunteered her design services and created the dress design for the benefit of CWF and its charitable mission, not for the personal benefit of any individual board member. Kwik Kopyshop subsequently updated and finalized the logo based on Johns's original design.

26. In December 2018, CWF, through its then-executive director Wendy Anzalone, commissioned Kwik Kopyshop, located at 4148 Carmichael Road,

Montgomery, Alabama 36106, to set up graphics for a commitment form related to the Women in Blue campaign.

27. Invoice No. 127655, dated December 4, 2018, confirms this commission was billed to and paid by the Montgomery Cancer Wellness Foundation. The invoice total was $16.50.

28. On or about January 2, 2019, CWF commissioned Kwik Kopyshop to finalize and set up the graphic design for the "Women wear blue logo," updating and refining the original dress design created by Betsey Johns.

29. Invoice No. 127834, dated January 2, 2019, confirms this graphic set-up was billed to and paid by the Montgomery Cancer Wellness Foundation. The invoice total was $22.00.

30. Throughout early 2019, CWF expended substantial organizational funds to develop and launch the Women in Blue campaign.

31. CWF's accounting records reflect total Women in Blue expenses of approximately $11,454.64 for the period January through April 2019.

32. These expenses included costs for scarves, flyers, lapel pins, yard signs, T-shirts, billboard advertising, logo and design work, a launch party, and video production services.

33. All Women in Blue campaign expenses were paid from CWF's organizational accounts.

34. The Women in Blue campaign was a financial success for CWF.

35. CWF's budget-to-actual reports show gross income of approximately $72,042 from the Women in Blue campaign.

36. This income included approximately $66,261 in campaign donations, $2,196 in T-shirt sales, $1,500 in restaurant partnership proceeds, $1,300 in sponsorships, and $785 in raffle ticket sales.

37. The campaign also generated approximately $20,187 in in-kind publicity value.

38. After expenses of approximately $13,955, the campaign generated net income of approximately $58,087 for CWF's charitable mission.

## B. Conner's Position and Fiduciary Duties

39. At all times relevant to this action, Conner served as the President of the Board of Directors of CWF.

40. On or about February 2, 2026, CWF's Board of Directors demanded that Conner step down as President due to her conduct as described herein.

41. As a Board member and officer of CWF, Conner owed fiduciary duties to CWF, including the duties of loyalty, care, and obedience.

42. Conner was aware of and subject to these fiduciary obligations at all times relevant to this action.

## C. Conner's Unauthorized Trademark Registration

43. Without the knowledge or approval of CWF's Board of Directors, Conner pursued the registration of the "Women in Blue" mark with the Alabama Secretary of State in the name of her solely owned company, Dress for the Cure LLC.

44. This registration has since expired and the Alabama Secretary of State's records reflect a trademark registration (Trademark Number 137-442) for "Women in Blue. blue dress" registered to Cancer Wellness Foundation at 4260 Carmichael Rd, Montgomery, AL 36106.

45. The state trademark registration carries a classification of 25/Miscellaneous, described as "Charity Fundraiser and associated merchandise for the cancer foundation," with first use in Alabama on December 12, 2019.

46. Upon information and belief, on or about April 23, 2025, Conner or an attorney acting on her behalf filed a federal trademark application with the United States Patent and Trademark Office ("USPTO").

47. The federal application was for the mark "WOMEN IN BLUE RAISING COLON CANCER AWARENESS FOR ME AND YOU," U.S. Serial Number 99150719, as a service mark.

48. The application was filed in Conner's personal capacity for her solely owned LLC, Dress for the Cure LLC, listing her personal home address rather than the Foundation's address.

49. Despite filing in her personal capacity, Conner used a screenshot from CWF's website as the specimen evidencing use of the mark in commerce.

50. As of the date of this Complaint, the USPTO application has a status of "LIVE/APPLICATION/Under Examination."

51. An Office action suspending further action on the application was issued on or about February 6, 2026.

52. Conner's use of CWF's website as the specimen in the federal trademark application, while filing in her individual name, constitutes a material misrepresentation to the USPTO.

53. This misrepresentation falsely suggests that Conner personally controls the use of the mark in commerce, when in fact CWF's staff and board have been responsible for the campaign's implementation, marketing, and fundraising efforts.

### D. Conner's Licensing Agreement Demand

54. In or around October 2025, Conner, through her company Dress for the cure, LLC, presented a licensing agreement to the CWF Executive Committee.

55.    The licensing agreement asserted that Conner personally owned the Women in Blue design and demanded that CWF enter into a licensing agreement to continue using its own intellectual property.

56.    On October 21, 2025, the CWF Board of Directors convened a Zoom meeting to discuss the licensing agreement.

57.    During the first portion of the meeting, at which Conner was present, Board members raised significant concerns about the basis for Conner's ownership claims.

58.    Vice President April Jones questioned why the licensing agreement was needed at all, noting that the entire board had been involved in brainstorming fundraising ideas in 2018.

59.    Vice President Jones further noted that CWF staff and the Women in Blue committee had conducted the fundraising efforts and promotion.

60.    During the meeting, board members reported receiving differing and inconsistent explanations from Conner regarding the trademark and the logo's ownership, creating confusion and frustration among the board.

61.    Board member Brittany Willis researched the issue and found that, contrary to Conner's representations, Alabama law does not require a trademark usage agreement to be renewed annually.

62. Willis also observed that Conner's federal trademark application uses Conner's personal home address but uses a CWF website screenshot as evidential use of the logo.

63. During a third call convened without Conner present, Treasurer Suzanna Edwards presented evidence indicating that CWF holds rightful ownership of the logo.

64. This evidence included: (a) prior board minutes documenting the formation of a committee to create the logo; (b) invoices from Kwik Kopyshop confirming the design was commissioned by and paid for by the organization; and (c) correspondence from former Executive Director Wendy Anzalone confirming her involvement in the logo's creation on behalf of CWF.

65. Board member Jessie Rosa emphasized that all members had previously understood the trademark and related fundraising initiatives were intended to benefit CWF directly.

66. The Board passed three motions. First, the Board moved that Conner's attorney be contacted to request a hold be placed on the trademark application while ownership concerns are under review. Second, the Board moved that the Executive Board notify Conner that CWF is placing a temporary hold on the proposed licensing agreement pending further research and legal consultation. Third, the Board moved to provide Conner the opportunity to

sign over the trademark to CWF, with CWF paying the legal fees associated with the trademark filing.

67.    On October 24, 2025, CWF's Vice President April Jones, Treasurer Janet Roberts, and Secretary Suzanna Edwards sent a letter to Conner informing her that the Board had collectively determined to pursue all available options regarding the Women in Blue trademark.

### E. Conner's Attorney's Response and Continued Adverse Claims

68.    On or about February 2, 2026, an attorney purporting to represent Conner sent a letter to the CWF Board asserting that Conner is the sole owner of the Women in Blue mark and copyrighted logo.

69.    The letter demanded that CWF accept a two-year non-exclusive royalty-free license, conditioned upon CWF reimbursing Conner's legal fees.

70.    The letter further demanded that a licensing fee be negotiated after the two-year term.

71.    Conner's attorney's letter contained material misrepresentations regarding the nature and origin of the Women in Blue mark.

72.    The letter falsely asserted that "none of the documents establish that the Center created, commissioned, or owns the Women in Blue mark or associated artwork."

73.   The letter further threatened to demand "immediate" cessation of CWF's use
      of the Women in Blue name and logo. This threat creates an imminent danger
      to CWF's ongoing fundraising operations and charitable mission.

### F. Conner's Removal as Board President

74.   On or about February 2, 2026, the CWF Board of Directors demanded that
      Conner step down from her position as President of the Board.

75.   The Board's demand was based on Conner's unauthorized trademark filings,
      her presentation of the licensing agreement, her material misrepresentations
      to the Board, and her overall conduct in placing her personal financial interests
      above the interests of the Foundation.

76.   Conner is no longer President of the Board of Directors of CWF as of February
      2, 2026.

### F. Conner's Fraudulent Copyright Registration

77.   On February 25, 2026, Conner received a copyright registration entitled
      "Women in Blue" with copyright registration number VA 2-485-810.

78.   This copyright registration lists Dress for the Cure LLC as the Claimant of the
      copyright and lists Jennifer Conner as the sole original author of the art despite
      both Betsey Johns and Kwik Kopyshop efforts.

79. Jennifer Conner was not the sole author of the artwork behind the "Women in Blue" logo and, upon information and belief, she falsely swore under oath to the United States Copyright Office that she was the sole author.

80. Following Conner's stepping down from her position as President of the Board, Facebook received a takedown request under the Digital Millennium Copyright Act (DMCA), demanding that all current uses of the Women in Blue logo be taken down pursuant to Conner's copyright registration of CWF's Women in Blue logo.

81. In response to Conner's DMCA takedown request, Facebook removed the requested posts, despite the Women in Blue logo being created for the benefit of CWF and at the direction of its board.

82. The removal of CWF's posts has harmed its fundraising effort to raise money for cancer awareness and survivor support during its Women in Blue campaign related to early colon cancer screening.

83. The Women in Blue campaign traditionally runs during March to coordinate with the blue ribbon used nationwide in conjunction Colon Cancer Awareness Month.

## COUNT I

## DECLARATORY JUDGMENT – TRADEMARK OWNERSHIP

*(15 U.S.C. § 1051 et seq.; 28 U.S.C. § 2201)*

*(Against All Defendants)*

84.    Plaintiff incorporates by reference the allegations contained in all preceding paragraphs as though fully set forth herein.

85.    An actual, justiciable controversy exists between CWF and Defendants regarding the ownership of the Women in Blue trademarks and service marks.

86.    This controversy encompasses both the word mark "Women in Blue" and the associated logo design.

87.    CWF commissioned and paid for the creation of the Women in Blue logo through its organizational funds.

88.    The original dress design was created by Betsey Johns at the request and direction of the CWF Board.

89.    The Women in Blue campaign was developed as part of a CWF board committee initiative.

90.    CWF funded all expenses associated with the launch and promotion of the Women in Blue campaign.

91.    CWF's staff and volunteers implemented and managed the Women in Blue campaign.

92.    All revenues and goodwill generated by the Women in Blue campaign accrued to and were received by CWF.

93.    CWF was the first entity to use the Women in Blue mark in commerce in connection with charitable fundraising services.

94.    Under trademark law, ownership of a mark is determined by priority of use in commerce.

95.    CWF has used the Women in Blue mark in commerce in connection with charitable fundraising services since at least December 2019, and all such use has been under CWF's control and for CWF's benefit.

96.    Any trademark application filed by Conner in her individual capacity or on behalf of Dress for the Cure LLC was filed without authority and based on fraudulent misrepresentations to the USPTO, including the use of CWF's website as a specimen of use while claiming individual ownership.

97.    CWF is entitled to a declaration that CWF is the sole and rightful owner of the Women in Blue trademarks and service marks.

98.    CWF is further entitled to a declaration that any trademark registrations or applications filed by Conner or Dress for the cure, LLC relating to the Women in Blue mark are invalid and should be cancelled or transferred to CWF.

99.    CWF is further entitled to a declaration that Defendants have no ownership rights in the Women in Blue Marks.

## COUNT II

## DECLARATORY JUDGMENT – COPYRIGHT OWNERSHIP

*(17 U.S.C. § 101 et seq.; 28 U.S.C. § 2201)*

*(Against All Defendants)*

100.    Plaintiff incorporates by reference the allegations contained in Paragraphs 1 – 83 as though fully set forth herein.

101.    An actual, justiciable controversy exists between CWF and Defendants regarding the copyright ownership of the Women in Blue logo and associated artwork.

102.    The Women in Blue logo and associated artwork constitute original works of authorship fixed in a tangible medium of expression.

103.    The Women in Blue logo and associated artwork are protectable under the Copyright Act, 17 U.S.C. § 101 et seq.

104.    The original dress design was created by Betsey Johns at the request and direction of CWF's Board of Directors.

105.    Betsey Johns has assigned all of her rights in the artistic work to CWF.

106. In the alternative, the logo was created pursuant to an implied assignment of rights to CWF, as the work was commissioned and paid for by CWF for CWF's exclusive use in its charitable fundraising activities.

107. In the further alternative, CWF is the beneficial owner of the copyright through an implied license and equitable principles.

108. Kwik Kopyshop's invoices confirm that CWF commissioned and paid for the graphic design work that produced the final Women in Blue logo.

109. At no time did Conner commission or pay for this work in her individual capacity.

110. CWF is entitled to a declaration that CWF is the sole and rightful owner of the copyright in the Women in Blue logo and associated artwork, and that Defendants have no copyright ownership interest therein.

## COUNT III

## BREACH OF FIDUCIARY DUTY

### *(Against Defendant Conner)*

111. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 – 83 as though fully set forth herein.

112.  As a member and former President of the Board of Directors of CWF, Conner owed CWF fiduciary duties, including the duties of loyalty, care, obedience, and good faith.

113.  These duties required Conner to act in the best interests of CWF.

114.  These duties further required Conner to avoid self-dealing.

115.  These duties further required Conner to disclose conflicts of interest.

116.  These duties further required Conner to refrain from usurping corporate opportunities belonging to CWF.

117.  Conner breached her fiduciary duties to CWF by secretly pursuing trademark registration of the Women in Blue mark in her personal name without Board knowledge or approval.

118.  Conner breached her fiduciary duties by filing a federal trademark application using CWF's website as a specimen while claiming personal ownership.

119.  Conner breached her fiduciary duties by forming Dress for the cure, LLC to exploit intellectual property belonging to CWF.

120.  Conner breached her fiduciary duties by presenting a licensing agreement to CWF demanding that CWF pay to use its own intellectual property.

121.  Conner breached her fiduciary duties by misrepresenting the ownership history and legal status of the Women in Blue marks to the Board, the USPTO, and the Copyright Office.

122.   Conner breached her fiduciary duties by providing inconsistent and misleading explanations to board members regarding the trademark.

123.   Conner breached her fiduciary duties by failing to disclose her conflict of interest in violation of CWF's Conflict of Interest Policy.

124.   Conner breached her fiduciary duties by usurping a corporate opportunity belonging to CWF.

125.   Conner breached her fiduciary duties by using her position as Board President to advance her personal financial interests at the expense of CWF.

126.   Conner's breaches of fiduciary duty were willful, deliberate, and in bad faith.

127.   Conner's breaches were undertaken for her personal financial benefit to the detriment of CWF and its charitable mission.

128.   As a direct and proximate result of Conner's breaches of fiduciary duty, CWF has suffered damages, including but not limited to: legal fees and costs incurred in defending its ownership rights; potential loss of trademark rights; disruption to its ongoing fundraising operations; damage to its reputation and goodwill in the community; and the costs of this litigation.

129.   Conner's conduct was so egregious, willful, and in conscious disregard of CWF's rights as to warrant an award of punitive damages.

## COUNT IV

## <u>CONSTRUCTIVE FRAUD</u>

### *(Against Defendant Conner)*

130. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 – 83 as though fully set forth herein.

131. As a fiduciary of CWF, Conner occupied a position of trust and confidence with respect to CWF and its Board of Directors.

132. Conner breached this relationship of trust by secretly registering CWF's intellectual property in her own name.

133. Conner breached this relationship of trust by making material misrepresentations to the Board regarding the ownership and legal status of the Women in Blue marks.

134. Conner breached this relationship of trust by providing differing and inconsistent explanations to individual board members about the trademark situation.

135. Conner breached this relationship of trust by presenting a licensing agreement that purported to require CWF to pay for the use of its own property.

136. Conner's actions, taken within the context of her fiduciary relationship with CWF, constitute constructive fraud under Alabama law, regardless of whether Conner harbored actual fraudulent intent.

137. As a direct and proximate result of Conner's constructive fraud, CWF has suffered damages as described herein.

## COUNT V

## FRAUD

*(Against Defendant Conner)*

138. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 – 83 as though fully set forth herein.

139. Conner knowingly represented to the CWF Board that she solely created and owned the Women in Blue logo and name.

140. This representation was false. The evidence demonstrates that the Women in Blue Marks were created as part of a CWF committee initiative, that the dress design was originally created by Betsey Johns at the Board's request, and that CWF paid for all design and campaign expenses.

141. Conner represented to the Board that the law required biennial renewal of a trademark licensing agreement.

142.  This representation was false. No such legal requirement exists under Alabama law.

143.  Conner filed a federal trademark application that used CWF's website as evidence of use in commerce while falsely claiming individual ownership.

144.  Conner represented to the USPTO that she controlled the use of the mark in commerce when CWF's staff and Board managed the campaign.

145.  Conner made these misrepresentations with knowledge of their falsity, or with reckless disregard for their truth.

146.  Conner made these misrepresentations with the intent to deceive CWF's Board and the USPTO.

147.  CWF reasonably relied upon Conner's misrepresentations, including by initially considering Conner's proposed licensing agreement rather than immediately asserting its ownership rights.

148.  As a direct and proximate result of Conner's fraud, CWF has suffered damages, including legal fees, disruption to operations, and potential loss of trademark rights.

149.  Conner's fraudulent conduct warrants an award of punitive damages.

# COUNT VI

## <u>CONVERSION OF INTELLECTUAL PROPERTY</u>

### *(Against All Defendants)*

150. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 –
83 as though fully set forth herein.

151. CWF is the rightful owner of the Women in Blue Marks, including the
trademarks, service marks, and copyrighted logo.

152. Defendants, by registering and/or applying to register the Women in Blue
marks in Conner's personal name and through Dress for the cure, LLC, have
wrongfully exercised dominion and control over CWF's intellectual property.

153. Defendants' exercise of dominion and control was in a manner inconsistent
with CWF's ownership rights.

154. As a direct and proximate result of Defendants' conversion, CWF has suffered
damages.

## COUNT VII

## <u>UNJUST ENRICHMENT</u>

### *(Against All Defendants)*

155.  Plaintiff incorporates by reference the allegations contained in Paragraphs 1 – 83 as though fully set forth herein.

156.  CWF invested substantial organizational resources in developing and promoting the Women in Blue campaign and brand.

157.  These resources included staff time, marketing funds, and community relationships.

158.  The goodwill and value associated with the Women in Blue Marks were built entirely through CWF's efforts and expenditures.

159.  Defendants have been unjustly enriched by appropriating the value and goodwill associated with the Women in Blue Marks, which were built at CWF's expense.

160.  It would be inequitable for Defendants to retain the benefits of CWF's investment in the Women in Blue brand.

# COUNT VIII

## FALSE DESIGNATION OF ORIGIN / UNFAIR COMPETITION

*(15 U.S.C. § 1125(a))*

*(Against All Defendants)*

161.  Plaintiff incorporates by reference the allegations contained in Paragraphs 1 – 83 as though fully set forth herein.

162.  Defendants' assertion of personal ownership over the Women in Blue Marks constitutes a false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

163.  Defendants' demand that CWF enter into a licensing agreement to use its own marks constitutes unfair competition in violation of the Lanham Act.

164.  Defendants' conduct is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of the Women in Blue campaign and associated goods and services.

165.  CWF has been damaged by Defendants' unfair competition.

166.  CWF is entitled to injunctive relief, actual damages, disgorgement of any profits received by Defendants from their unauthorized use of the Women in Blue Marks, and attorneys' fees pursuant to 15 U.S.C. § 1117.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Cancer Wellness Foundation of Central Alabama respectfully requests that this Court enter judgment in its favor and against Defendants, and award the following relief:

a.   A declaration that CWF is the sole and rightful owner of the Women in Blue trademarks, service marks, and copyrighted logo;

b.   A declaration that any trademark registrations or applications filed by Conner or Dress for the cure, LLC relating to the Women in Blue mark are invalid;

c.   An order directing the transfer to CWF of any state or federal trademark registrations or applications for the Women in Blue mark held by Defendants;

d.   An order directing the USPTO to transfer to CWF the trademarks with U.S. Serial Number 99150719 and 99633097;

e.   An order directing the Library of Congress to correct copyright registration number VA 2-485-810 listing Betsey Johns as the author and CWF as the Claimant;

f.  Preliminary and permanent injunctive relief enjoining Defendants from: (i) claiming ownership of the Women in Blue Marks; (ii) interfering with CWF's use of the Women in Blue Marks; (iii) filing any further trademark applications for the Women in Blue mark; and (iv) demanding licensing fees or other compensation from CWF for use of its own marks;

g.  Compensatory damages for breach of fiduciary duty, fraud, constructive fraud, conversion, and unjust enrichment;

h.  Disgorgement of any profits received by Defendants from their unauthorized exploitation of the Women in Blue Marks;

i.  An accounting of all revenues, profits, and benefits received by Defendants in connection with the Women in Blue Marks;

j.  Punitive damages for Defendants' willful and malicious conduct;

k.  Attorneys' fees and costs of this action pursuant to 15 U.S.C. § 1117 and applicable Alabama law;

l.  Pre-judgment and post-judgment interest as allowed by law; and

m.  Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated March 13, 2026

By: /s/ Douglas. L. Bridges

Douglas L. Bridges (1974N06L)
ADAMSIP LLC
453 Dauphin Street
Mobile, Alabama 36602
Phone: (251) 289-9787
doug@adamsiplaw.com

*Attorney for Plaintiff*